United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUTTON,<br><br>Defendant. | Case No. 05-cr-00394-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 36 |

On February 25, 2021, defendant Rex Lutton filed a motion for compassionate release. Dkt. No. 36.[1] For the reasons set forth below, the Court DENIES defendant's motion with prejudice.

## BACKGROUND

On October 24, 1984, defendant was sentenced in the Eastern District of California to 30 years for two counts of armed robbery of a savings and loan institution, 18 U.S.C. 2113(a)(d), and one count of escape, 18 U.S.C. 751(a). Dkt. No. 36 at 2; Dkt. No. 48 at 5; *see* Case No. CR-S-84-60 and S-84-218.

Between 2005 and 2011, defendant was paroled four times but returned to the custody of the Bureau of Prisons ("BOP") because of parole violations. Dkt. No. 48 at 6. On August 16, 2011, while on parole for the fourth time, defendant escaped from the custody of the BOP. *Id.* at 7. Defendant was apprehended and sentenced to fifteen years in state custody. Dkt. Nos. 36 at 2; 48 at 7. On November 19, 2020, defendant was returned to BOP custody. Dkt. No. 48 at 4. Defendant is currently incarcerated at USP Victorville and has a projected release date of December 15, 2027.

---

[1] For ease of reference, all page number citations refer to the ECF branded number in the upper right corner of the page.

*Id.*

On February 25, 2021, defendant filed a petition for writ of habeas corpus or alternatively a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 36. On March 5, 2021, the Court separated defendant's petition into two motions and created a new docket number for the petition for a writ of habeas corpus, case no. 21-cv-01679. Dkt. No. 39. On April 28, 2021, the Court ordered the parties to submit briefings addressing only the motion for compassionate release. Dkt. No. 42. On June 18, 2021, the government filed an opposition to defendant's motion for compassionate release. Dkt. No. 48. On July 1, 2021, defendant filed a reply. Dkt. No. 52.

## LEGAL STANDARD

Under 18 U.S.C. § 4205(g), "[a]t any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served." 18 U.S.C. § 4205(g). Congress repealed § 4205(g) with the passage of the Sentencing Reform Act of 1984, Pub. L. No. 98-476, § 227, 98 Stat. 1837, 1998 (1984) ("Sentencing Reform Act").

According to the Code of Federal Regulations, "18 U.S.C. § 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date. For inmates whose offenses occurred on or after November 1, 1987, the applicable statute is 18 U.S.C. § 3582(c)(1)(A)." 28 C.F.R. § 572.40. The applicable statute provides that a court may modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . after considering the factors set forth in section 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)

## DISCUSSION

Defendant argues compassionate release is warranted under § 3582(c) because he is at risk for severe illness from contracting COVID-19. Dkt. No. 36 at 7. Defendant argues his age of 64 years, history of hepatitis C and smoking increase his risk of severe illness from COVID-19. Dkt.

1   No. 36 at 3.  Defendant further argues compassionate release is warranted because he served a

2   majority of his thirty-year federal sentence, has had no disciplinary incidents while in federal

3   custody, and completed substantial positive programming during his nine years in state custody,

4   including a writing class, anger-management, depression, stress and anxiety management, suicide

5   prevention and recovery programs.  *Id.* at 2-3.

6       The government argues defendant is not statutorily eligible for compassionate release

7   because defendant was sentenced for crimes he committed before November 1, 1987.  Dkt. No 48

8   at 10-12.  Accordingly, the government argues that 18 U.S.C. § 4205(g) governs compassionate

9   release for Defendant, not 18 U.S.C. § 3582(c)(1)(A).  *Id.*  In the alternative, the government argues

10  defendant did not present an extraordinary and compelling reason permitting relief because

11  defendant recovered from a prior infection of COVID-19 and received a COVID-19 vaccination.

12  *Id.* at 14-20.

13      The Court has carefully considered the parties' arguments and finds compassionate release

14  is not warranted.  Defendant is currently serving a sentence imposed for crimes committed prior to

15  November 1, 1987.[2]  *See* 28 C.F.R. § 572.40 ("18 U.S.C. § 4205(g) . . . but remains the controlling

16  law for inmates whose offenses occurred prior to [November 1, 1987].  For inmates whose offenses

17  occurred on or after November 1, 1987, the applicable statute is 18 U.S.C. § 3582(c)(1)(A).")

18  Accordingly, the applicable compassionate release statute for Defendant's case is § 4205(g).  *See*

19  *United States v. Matta-Ballesteros*, 843 F. App'x 892, 2021 WL 531549, at *1 (9th Cir. Feb. 12,

20  2021) (finding First Step Act is not retroactive and § 4205(g) applies to pre-1987 offenses); *United*

21  *States v. Whitmore*, No. 00-CR-00194-EMC-1, 2020 WL 4226515, at *6 (N.D. Cal. July 23, 2020)

22  ("[B]ased on traditional tools of statutory construction . . . § 3582(c) does not apply to old law

23  defendants who continue to be subject to § 4205(g)."). Thus, Defendant is not eligible to bring a

24  motion for compassionate release under § 3582(c) and the only the BOP may move for his

25  compassionate release pursuant to § 4205(g).  *See United States v. Matta-Ballesteros*, 843 F. App'x

26  892, 2021 WL 531549, at *1 (9th Cir. Feb. 12, 2021) (affirming denial of motion for compassionate

---

[2] Defendant was sentenced on October 24, 1984 in the Eastern District of California. Dkt. No. 36 at 2; Dkt. No. 48 at 5; *see* Case No. CR-S-84-60 and S-84-218.

1  release because § 4205(g) applies to defendant and BOP did not initiate defendant's motion for
2  compassionate release).
3        The Court declines to consider Defendant's novel argument regarding Federal Rules of Civil
4  Procedure 35 brought in Defendant's reply.  Dkt. No. 42.  *See United States v. Rearden*, 349 F.3d
5  608, 614 n.2 (9th Cir. 2003) ("We decline to consider Rearden's argument . . . because it is raised
6  for the first time in reply."); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003)
7  ("We decline to consider new issues raised for the first time in a reply brief.").

## CONCLUSION

The Court **DENIES** defendant's motion for compassionate release with prejudice. Defendant may request the BOP to file a motion for compassionate release on his behalf.

**IT IS SO ORDERED**.

Dated: August 9, 2021

_____
SUSAN ILLSTON
United States District Judge